## S. D. WILLIAMS & Co. *vs.* A. J. MILLER & Co.

Appearance and filing of demurrer cures defects in service of process.

A party in Court must take notice of all orders of the Court in the case, and pleadings filed pursuant thereto.

When the Court directs the amendment of a pleading, copy need not be served unless the Court so orders.

If defendant demurs to a complaint, and the Court orders that the complaint be amended, such ruling is in effect a sustaining of the demurrer.

The members of the Court do not agree as to whether the count for destruction of a building, may be joined with counts upon contract.

Acceptance of lumber, under a special contract, precludes a defense of its unmerchantable character, or of its being different from that contracted for.

An erroneous ruling upon an attachment, will not affect a judgment rendered upon the merits.

The memory may be refreshed by a bill of particulars, in the hand-writing of the witness, and the loss of a writing being proved, the witness may testify as to its contents.

A claim, in which a stranger to the suit is interested, is not a proper subject of set off.

A mere voluntary payment of the debt of another, does not create a cause of action in favor of the party so paying.

This Court will not set aside the verdict of a jury, unless it appears there was no evidence to sustain it.

ERROR to the Second Judicial District holding terms at Olympia.

Opinion by STRONG, Associate Justice.

This cause comes up on error from the Second Judicial District.

The first error assigned, has reference to the action of the Court upon the demurrer of the defendants to the complaint.

The demurrer was sustained, and the plaintiffs, under leave of the Court, amended their complaint. To this amended com-

plaint the defendants were ruled to answer, and did answer, taking exceptions to the order of the Court compelling them to answer, on the ground that they had not been served with copies of the amended complaint. It appears that the defendants were properly in Court by service upon the original complaint, and had there been any defect in this respect, it was cured by the appearance of the defendants and the filing of a general demurrer.

When once in Court under our form of practice, parties must, at their peril, take notice of all orders, and all pleadings filed by order of Court.

It is not necessary that copies should be served, unless expressly ordered by the Court. Amendments are allowed under the discretion of the Court, upon such terms as shall seem just to the parties. We do not see anything in the character of the amendments allowed in this case by which the defendants could suffer, under the order of the Court requiring them to answer the amended complaint. Objection is made that the Court *ordered* the plaintiff to amend.

This amounts to no more than sustaining the demurrer, which was a decision in favor of the defendants, and of which they have no right to complain.

In regard to the right of the plaintiff to join a count for the buildings destroyed by fire, with the counts on contract, the Court are not unanimous; but upon an examination of the testimony and the entire case, we are of the opinion that it did not enlarge the verdict of the jury, or work injury to the defendants.

The next ground of error alleged is, that the Court, on motion of the plaintiffs, ordered that portion of the defendants' answer which claimed damages for the unmerchantable character of some of the lumber delivered, to be stricken out. The claim of the plaintiffs to which this part of the answer refers, was a count for the price of a certain amount of lumber delivered on a special contract, at an agreed price, and accepted by the defendants.

Under such a state of facts, and the plaintiffs could prove no other under this complaint in respect to that lumber, it was the duty of the defendants not to have accepted lumber that did not comply with the terms of the contract. Receiving it, they cannot now claim that they are entitled to damages. We do not consider, therefore, that the Court committed error in ordering this portion of the answer to be stricken out.

The overruling the motion to dissolve the attachment cannot affect the judgment, whatever may be the opinion of the Court upon that subject; nor do we see that the Court committed an error in admitting a witness to testify as to the contents of a written order, after it had been satisfied by evidence of the existence of, and loss of the order. We have examined the evidence upon this point, and cannot see that it presents any features different from the ordinary case of proving a lost instrument by a witness who knows the contents.

Another exception is taken that a witness was permitted to examine and testify from the bill of particulars attached to the complaint. It appears that the bill of particulars was in the hand-writing of the witness, and it does not present to our minds any points of difference from the ordinary case where the witness is permitted to examine a memorandum made by himself, for the purpose of refreshing his memory.

The seventh ground of error assigned is, that the Court erred in instructing the jury that if they believed that Roeder was interested with Garfielde, in the hire of the pile-driver engine, then the amount claimed for it cannot be set off in this action. It is well settled by the statute itself that all accounts or claims to be set off, must be between the same parties, and as Roeder was not a party to this suit, we cannot see any error in this ruling.

The eighth and ninth errors assigned are, the refusal of the Court to give certain instructions asked for by the defendants, and the giving certain other instructions, as appears in the motion for a new trial, under the fourth reason assigned.

We think the instructions given by the Court correct. It is

well settled that one man cannot, by the voluntary payment of the debt of another without his consent, become a creditor of that other.   The instructions of the Court that the defendants, before they could claim a credit for the amount paid for the use of the pile-driver, must satisfy the jury that the money was paid at the special instance and request of plaintiffs, was therefore in accordance with well established principles of law.

The next error is, that the verdict is against the weight of evidence.

Courts are extremely careful in reversing and setting aside the verdict of juries, even where they have themselves heard the testimony, on the ground that the verdict of the jury is against the weight of evidence; and they should be much more careful in interfering with the province of the jury where they have not had the opportunity of seeing the witnesses on the stand, and hearing the testimony as delivered by the witnesses themselves.   As a Court of review, we are unwilling to sanction the doctrine that we will reverse the verdict of the jury, simply on the ground that it is against the weight of evidence.   It is going farther than this Court has ever gone.   The extent to which the Court has gone, has been to reverse verdicts where the record showed that all the evidence was before the Court, and there was no evidence to sustain the verdict, and this is as far as we are willing to go.

The eleventh and twelfth grounds of error have already been disposed of, in the former part of this opinion, and need not again be considered.

Upon consideration, we are of the opinion that the judgment of the Court below must be affirmed, with costs against the plaintiff in error.