### John Raynor and another v. Henry H. Norton.

*Evidence: Lost deed.* It is competent and relevant evidence for the purpose of proving the existence and loss of a deed in the chain of title, to show that one who had been register of deeds, and had to do with making an abstract of titles to lands in the county, and had made a list or abstract of unrecorded deeds, of which a large number had accumulated in the register's office, had seen among these unrecorded deeds such an one as was claimed to have been lost.

*Evidence: Memora      ; Witness repeating contents.* A witness who has produced and identified a memorandum which is itself admissible evidence, may be permitted to testify from it, and such testimony is not open to the objection that the memorandum itself should be read to the jury, where the witness merely repeats its contents; it is not material that counsel should read it, rather than the witness.

*Lost instrument: Proof of contents: Subscribing witness.* It is not necessary to call a subscribing witness to prove the execution and contents of a lost deed.

*Charge to the jury construed.* The charge to the jury in this case is held not open to the objection that it took the case on the facts from the jury, by the statement that there was sufficient proof before them to establish the title of the property in the plaintiff; the fair import of this remark, construed in the light of the whole charge and of the circumstances, is, that there was pertinent evidence before them to be considered, which was uncontradicted and its credit unassailed, sufficient to warrant them in finding the title in plaintiff.—GRAVES, CH. J., dissenting.

*Heard January 12.    Decided January 26.*

Error to Ingham Circuit.

*L. Reed* and *M. V. Montgomery*, for plaintiffs in error.

*Huntington & Henderson*, for defendant in error.

GRAVES, CH. J.

Norton brought ejectment for a parcel of land situated in the county of Ingham. The case was tried before a jury, and he recovered. The defendants below then brought error. It became necessary for Norton, in order to make out title in himself, to prove upon the trial that one Josiah Terwilliger conveyed the land to him, and he claimed that in fact such a conveyance had been made, but that the deed had been lost without being recorded. He accordingly proceeded to adduce verbal evidence to show the existence, loss and contents of such conveyance. He not only testified himself upon this subject, but had other witnesses examined upon it. One of these, Mr. Woodhouse, testified that he was register of deeds of the county in 1856, and for some years before, and had something to do about making an abstract of titles to lands in Ingham county; that he also made a list or abstract of unrecorded deeds, of which a large number had accumulated in the register's office.

Counsel for defendant in error then asked him if he had any recollection or knowledge of having seen among the unrecorded deeds, a deed of conveyance from Josiah Terwilliger to Henry H. Norton. This was objected to by plaintiffs in error as irrelevant and incompetent. The counsel for defendant in error claiming that the testimony sought by the question was meant to show the existence and loss of the deed, the court overruled the objection, and the counsel for plaintiffs in error excepted. The witness then stated that he did not know that he had any distinct recollection outside of the records,—minutes made at the time; that he was able to speak of such a deed from minutes made at the time; that the facts about his making

the minutes of unrecorded deeds were, that after he had completed the abstract of titles, as a matter of convenience, he made a record of all unrecorded deeds then remaining in the office, among which he found the deed in question here, or a record of it.

The counsel for defendant in error then put this question: "I understand you to say you were able to speak of this deed from the minutes made at the time which you have referred to?" The witness then replied as follows: "Yes, I suppose I might say so in general terms. I don't know that I can say that I have any distinct recollection, that is, a *very* distinct recollection about this particular deed, although I have a rather indistinct recollection that this subject matter has been called to my attention before, but just when, and just where, my memory does not serve me. I have a recollection however that my mind has been charged with the matter before,—my attention has been called to it,—some one has talked with me about it."

It would seem from the record that the witness had his minutes of unrecorded deeds before him whilst he was testifying, and when he had given the evidence just recited, the counsel for defendant in error put this question to him: "State to the jury what you know respecting the existence of the deed, and other particulars of that deed, from the memorandum to which you refer?" The counsel for plaintiffs in error objected, that the testimony of the witness disclosed the fact that he knew nothing of the deed independently of his minutes, and they would show for themselves. The court overruled this objection, and the plaintiffs in error excepted. The witness then proceeded to give a description of the deed from his memorandum before him, and added, that the memorandum was made in January, 1857, and that he had no recollection of seeing the deed after that time.

The objection first noticed was so clearly untenable, that there is no occasion for remarking upon it.

The terms of the second objection are not clear. The assumption, that it appeared that the witness' knowledge as to the former existence of the deed was confined to the memorandum, was hardly warranted. But if it were otherwise, and if the point of the objection was that the memorandum itself ought to be read to the jury, and we can find no other meaning, it was without force. If in any view the contents of the memorandum as such were required to be given to the jury, it seems to have been done. The writing was present, and the witness manifestly repeated the contents. It was not material that counsel should read it, rather than the witness. There was opportunity to cross-examine upon it, and no doubt counsel for defendant in error would have presented it as a specific item of written testimony if the plaintiffs in error had distinctly required it. But this was not done.

In respect to this deed, claimed to have been lost, the plaintiffs in error made the further point that it was incumbent on Norton to call the subscribing witness to prove the execution and contents. But the law is settled differently in *Eslow v. Mitchell, 26 Mich., 500.*

When the court came to charge the jury, allusion was made to the verbal evidence given by Norton and his witnesses Woodhouse and Van Vrankin, to prove a legal title in him, and allusion was also made to the rulings on admitting questions put to Woodhouse; and in connection with these allusions to Norton's verbal evidence to prove title in himself, the court said: "Now, so far as that question is concerned, for the purpose of this trial, the defendants having offered no evidence of any title in themselves whatever, I charge you that there is sufficient proof before you to establish the title of the property in the plaintiff, and then, as I said before, the next question for you to determine is, whether the defendants were in possession, whether they unlawfully withheld the possession of the premises from the plaintiff, and all that it is necessary for him to prove for the establishment of that fact is, that the

defendants were in possession of the premises at the time the suit was commenced, or some of them.

"And so far as Mr. Raynor is concerned, I believe there is no evidence that he was in possession, but that he claimed the right to the possession, or rather, claimed, according to the testimony of Norton himself, that he claimed the *title* to it, thereby asserting a right to the possession, and that the other party, who is now living, together with the party who is since deceased, was in possession of the premises, living upon the premises. Now, if this testimony is sufficient to satisfy your minds of the fact claimed, then, as a matter of course, your verdict must be for the plaintiff."

Error is assigned on this branch of the charge. The counsel for plaintiffs in error, however, did not refer to it in the brief, and the court is not unanimous in regard to the effect of it. The impression made upon my mind is, that the court erred, and that the judgment should be reversed therefor. It appears to me that the parties were fairly at issue before a jury, and that the decision of that issue depended upon the force of verbal testimony and the inferences to be drawn from it; that this issue was whether the plaintiff below was owner of the premises; an issue the affirmative of which he sought to maintain by oral testimony given by himself and others; and that it was the exclusive province of the jury to pass upon that evidence and ascertain what facts were established by it; that the charge in question disregarded this principle and took this evidence from the jury, and asserted that Norton's title was established by it, and that he was entitled to a finding in his favor if it should be ascertained that plaintiffs in error were adverse claimants or in adverse possession.

My brethren are of opinion, however, that the judge did not mean, and was not understood as meaning, that as matter of law Norton's title was proved. They think the fair import of the charge is, that having admitted the evidence in question as pertinent, it was necessarily to be considered, and that, inasmuch as its credit was not assailed,

and there was no counter evidence, it must be considered by the jury as affording ground upon which it would be practicable to find that Norton was owner; and this view of the charge, my brethren think, is rather confirmed by the omission of the plaintiffs in error to notice the point in question in any manner in their brief.

This, of course, leads to an affirmance of the judgment, with costs to defendant in error.

COOLEY and CAMPBELL, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.