GEORGE W. FISH v. H. DALE ADAMS.

*Memoranda in Evidence—Application of Payments.*

A party who had sold and delivered wheat to another at the latter's warehouse, testified that account was kept of the wheat as delivered by means of slips of paper tacked on the

spout of the hopper and by entries which he made on a page of his memorandum book; that after delivery of the last load, the purchaser's warehouse clerk called off the amounts from the slips of paper, and he took them down on the opposite page of his memorandum; and that he and the clerk then compared the two series of entries and found that they agreed, and the clerk receipted for the amount. *Held*, that such a memorandum could be used in evidence as a contemporaneous record, to the correctness of which both parties assented when made.

A payment made on undisputed items cannot be construed as applying to a disputed item in the same bill so as to prevent a recovery.

Where a dispute concerned only one item in a sale upon which a payment for other items had been made · exceeding the amount in dispute, a concession by plaintiff's counsel that the evidence might be confined to the item in question will not authorize the court to ignore the rest of the bill of particulars and charge the jury that no recovery could be had.

Error to Kalamazoo. Submitted October 25 and 26. Decided November 1.

ASSUMPSIT. The facts are in the opinion.

*Arthur Brown* for plaintiff in error. A memorandum made by a party and offered as evidence in itself and not as auxiliary testimony to refresh the recollection, cannot be received as such, *Godding v. Orcutt*, 44 Vt., 54; *Russell v. H. R. R. R. Co.*, 17 N. Y., 139; 2 Phil. Ev., 920–1, notes; except where a party's books are introduced after showing that they had been correctly kept and there was no clerk or other means of proving accounts, *Jackson v. Evans*, 8 Mich., 476.

*Edwards & Sherwood* for defendant in error, supported the admission of the memorandum in evidence and cited *Clark v. Vorce*, 15 Wend., 193; *Merrill v. Ithaca & O. R. R. Co.*, 16 Wend., 586; 1 Phil. Ev., 265; 1 Cow. & Hill's notes, p. 750, n. 528; *Peters v. Gallagher*, *ante*, p. 407.

GRAVES, J. November, 1871, Fish was engaged in buying wheat at his warehouse in Kalamazoo and in

the course of a part of that month Adams sold and delivered to him at the warehouse several different parcels and which included two qualities. A dispute arose afterwards about the quantity; Adams claiming a little over a hundred bushels more than Fish admitted to have been delivered.

Adams then charged for the whole quantity he claimed to have delivered and sued for it before a justice. The case was appealed and he recovered in the circuit court. Fish alleged error.

Adams was sworn in his own behalf and testified he could "pretty nearly recollect the amount he delivered to defendant independent of the memorandum he made at the time, except the odd pounds; that he made a memorandum of it at the time he drew it."

His counsel then asked him to look at his memorandum and tell when and in what quantities he drew the wheat to Fish if he could, and he replied: I sold and delivered wheat to defendant—571 bushels at $1.23 and 105 bushels at $1.40 and delivered it as follows: giving seven separate items, one of which was 105 bushels and 43 pounds at $1.40 per bushel delivered November 13, 1871. He further testified that they kept an account of the wheat as delivered at the warehouse by means of slips of paper tacked on the spout of the hopper and that after delivery of the last load the whole quantity was figured up; one Edmunds, Fish's warehouse clerk, calling off amounts from the slips of paper and he, Adams, taking them down again on the page opposite to that on which he had previously entered them as the delivery proceeded and that he and Edmunds then compared the two series of entries and found they agreed and that Edmunds then gave him a receipt for the amount. The receipt was produced and admitted. It read as follows:

"GEORGE W. FISH'S WAREHOUSE,
*Kalamazoo, Michigan, Nov. 16, 1871.*
Delivered by H. Dale Adams five hundred and seventy-one and 44-100 bu. white, one hundred and five and 43-100 white amber.

574–44 white $1.23.
105–43 white $1.40.                    G. W. FISH.
     C. buyers."

Adams subsequently stated that he did not think he showed the entries in his little book to Edmunds, but that they were there before him.    He also testified that in the evening of the day on which the receipt was given he called on Fish at the warehouse for pay and that Fish then observed that he thought there was a mistake in the receipt; that Fish's memorandum did not contain an account of two loads delivered on November 11th and amounting to 105 bushels and 43 pounds.    That he, Adams, had his memorandum with him and then showed it to Fish and told him if he would find his paper they settled on that would show, and that Fish looked for it, but could not find it; that he, Adams, then showed him both series of entries in his book and that the whole matter was then gone through with.

The two series of entries were successively offered in evidence on the part of Adams and admitted against objection.    The objection to the first was that it was hearsay and the mere act of the party; to the second the same, and also that it was not made until after the transaction.

. The court did not err.    The entries were admissible to the jury in connection with the other evidence of Adams. The testimony he gave if believed tended to show that these entries amounted to a sort of contemporaneous record, to the correctness of which the parties at the time mutually assented.    Such being the case they were proper to be considered with other facts as evidence of a contemporaneous admission on the part of Fish of his reception of the quantity Adams claimed to have delivered, *Meyer v. Reichardt,* 112 Mass., 108.    The two series were so connected by the facts as to be fairly admissible together.    Moreover the last as well as the first was part of the transaction. It was one of its incidents and made at the time of completing delivery and not on a separate occasion.    The credit due to the testimony and its convincing value were for the jury.    It is quite unnecessary to inquire whether the admission might not be sustained on other grounds.

It having appeared that the parties differed about this

one item only, Fish's counsel moved to strike out of the bill of particulars all the rest. On this, Adams' counsel observed that the evidence might be considered as confined to the one item in question. It afterwards appeared that the amount which Fish had paid on the whole exceeded the price of the quantity comprised in the disputed item and on this ground the court was asked to charge the jury that Adams could not recover. The refusal to give this charge is also assigned as error. The point has no merit.

Compliance would have been gross error. The concession made by counsel was not fairly capable of the construction given to it by the request.

He could not have intended a plain surrender of his client's claim. He was willing to admit that recovery was only sought for the amount of the one item and not for others about which there had been no dispute and which had been paid for. He did not mean that the money which had been paid and received on admitted items should be forced to apply on one Fish claimed he had never received, and which both parties in fact admitted had not been paid for. The transaction was required to be unraveled, not to allow recovery for the other items or to recall the appropriation of past payments and give them a new application, but to settle the rights of the parties in regard to the unpaid disputed item.

The court properly construed the proceedings. The charge that the court erred in refusing to grant a new trial presents no question.

No error being shown the judgment must be affirmed with costs.

COOLEY, C. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.