JOHN C. CAMERON AND HENRY A. CAMERON v. FRANK H. BLACKMAN AND J. FRANK EDDY.

*Memoranda—Mutual partnership credits.*

When a witness swears that he has a complete recollection of the facts, it makes no difference that the memoranda he uses to refresh his memory are not from his own entries.

Judicial notice is taken of the mercantile custom of mutual credits under which business establishments furnish each other's clerks or customers with goods and charge them to each other. It is within the authority of the managing partner to authorize such dealings, and when so authorized they are binding until notice to the contrary.

Error to Bay. Submitted June 12. Decided June 18.

ASSUMPSIT. Defendants bring error.

*Holmes, Collins & Stoddard* for plaintiffs in error. Sales of goods to a third person on the credit of a firm or even to one of the partners for his private use, are fraudulent as to other partners unless they assent, or ratify the purchase, Parsons on Partnership, 111, 202; *Dob v. Halsey*, 16 Johns., 34; *Foot v. Sabin*, 19 Johns., 154; *Laverty v. Burr*, 1 Wend., 531; *Whitaker v. Brown*, 11 Wend., 75; *Jaques v. Marquand*, 6 Cow., 497; *Wilson v. Williams*, 14 Wend., 147; *Kemeys v. Richards*, 11 Barb., 312; 1 Add. Cont., § 103; *Brewster v. Mott*, 4 Scam., 378; *Pinckney v. Keyler*, 4 E. D. Smith, 469; Story on Partnership, § 133; *Tompkins v. Woodyard*, 5

W. Va., 216; *Barnard v. Lapeer & Pt. Huron P. R. Co.,* 6 Mich., 274; *Hotchin v. Kent,* 8 Mich., 526; *Davis v. Dodge,* 30 Mich., 267; 1 Lindley on Partnership, 307, 341.

*Hiram Blaisdell* and *Hatch & Cooley* for defendants in error. A witness may refresh his memory by any book or paper if he can afterwards swear to the .fact from his own recollection, *Henry v. Lee,* 18 E. C. L., 544; *Rambert v. Cohen,* 4 Esp., 213; *Jacob v. Lindsay,* 1 East, 463; *Downer v. Rowell,* 24 Vt., 343; *Webster v. Clark,* 30 N. H., 245; *Robertson v. Lynch,* 18 Johns., 451; *Feeter v. Heath,* 11 Wend., 479; *Lawrence v. Barker,* 5 Wend., 301; *Merrill v. Ithaca etc. R. R.,* 16 Wend., 586; *Halsey v. Sinsebaugh,* 15 N. Y., 485; *Guy v. Mead,* 22 N. Y., 462; *Marcly v. Shults,* 29 N. Y., 346; *Mc-Cormick v. Penn. Cent. R. R.,* 49 N. Y., 315; *Fisher v. Kyle,* 27 Mich., 454; *Raynor v. Norton,* 31 Mich., 210; where a master has once paid for goods delivered to the servant on trust, the tradesman may trust him afterwards, *Hazard v. Treadwell,* 1 Strange, 506; an implied assumpsit may be raised against an attorney who has been in the habit of ·paying his clients' fees and who has received credit for them which has been refused to the client, *Preston v. Preston,* 1 Doug. (Mich.), 294.

CAMPBELL, C. J. Blackman and Eddy recovered judgment against John C. and Henry A. Cameron, as partners, upon an account of several items, the only ones appearing, as this record is made up, to be open to dispute being clothing and other articles furnished to Fred Cameron, a young man who was a relative of the partners, and who was once in their employ.

In proving the account, Blackman, who was a witness, was allowed to refresh his memory by referring to a memorandum, which, although taken from his books, was not copied from his own entries. He swore, however, that he had a complete recollection of the facts, and it is not, therefore, of any consequence whether this

was or was not, a memorandum which could have been evidence in itself. He evidently used it for convenience merely.

The main defense rests on the claim that the sales of goods, which were charged to the firm, but furnished to Fred. Cameron, were beyond the scope of partnership dealings, and not authorized by John C. Cameron. He resided in another State, and is not affirmatively shown to have sanctioned or known of these dealings.

The testimony showed that for successive years items of clothing and the like were furnished to Fred. Cameron, charged to the firm, and allowed in the semi-annual settlements without objection. Henry A. Cameron, the local partner and general manager, settled these accounts. Sometime after Fred. Cameron had left the establishment, and set up for himself, defendants in error, on asking whether he should have further articles furnished, were forbidden to allow it on the firm credit.

There is no serious question made against the sufficiency of the dealings to have made Henry A. Cameron responsible if he had been a sole trader. The only question is whether he could bind the firm for such purposes.

While this is presented under various forms, there is really but one point involved, and that is whether such a transaction is so foreign to the purposes of a commercial partnership that Blackman and Eddy had no right to act on the authority of the managing partner.

It seems to us the case is not open to much argument. If we can conceive it possible that such a mode of doing business may be desirable and usual for any reasonable purposes of the firm, there can be nothing to prevent it. It is certainly usual and proper for merchants in different lines of business to deal with each other on just such mutual credits, and to furnish each other's customers articles which are charged to the merchant and not to the buyer, and to settle their balances accordingly. No one ever thinks of asking his neighbor why such credits are sought, or whether his partnership

articles contemplate it. It is every day custom and a very reasonable one, from which all parties reap profit. Whether such goods are desired for clerks or customers or strangers cannot concern the seller. He has no occasion to pry into his neighbor's business or ask his reasons. He has a right to presume, until warned to the contrary, that all such dealings are admissible, and within the power of all business houses. We must take judicial notice of a custom which is familiar everywhere, and we cannot hold it presumably wrong to follow it.

The rulings below were correct, and the judgment must be affirmed with costs.

The other Justices concurred.