## MACKEY v. SWARTZ.

1. **Contract:** PURCHASE OF SAFE: WAIVER OF DEFECT. Where, upon a contract for a safe of a particular description, at a stated price, the purchaser accepts a safe of a different description, makes no complaint, and does not return or offer to return it, he will be deemed to have waived the difference, and will be held to pay the contract price.

*Appeal from Hardin Circuit Court.*

TUESDAY, APRIL 17.

THE plaintiff alleges in his petition that the defendant ordered of plaintiff a fire-proof safe, at the price of $85, that plaintiff shipped to defendant the safe called for by said order, and that defendant has failed to pay the price thereof. The order, a copy of which is set out in the petition, calls for a safe with fancy Japanese painting, bouquets on the sides, mortar on outside of door, for drug store, and name on one drawer. The answer, amongst other things, alleges that the safe delivered does not correspond with the order as to painting, in that there are no bouquets on the side, and no mortar on the outside door. The reply alleges that the defendant received and accepted the safe without notifying plaintiff of any defects, and without returning or offering to return the safe, and that he thereby waived all defects. The cause came on for trial to a jury, and, when the plaintiff's testimony was introduced, the court, on motion of the defendant, withdrew the cause from the jury, and rendered a judgment against the plaintiff for costs. The plaintiff appeals. The cause involves less than $100, and is reviewable here only on the questions certified by the trial judge.

*S. M. Weaver*, for appellant.

*T. H. Milner* and *W. V. Allen*, for appellee.

DAY, CH. J.—I. The judge recites in his certificate that the plaintiff introduced evidence tending to prove the contract or order as set out in the petition; that upon said order the safe was shipped to the defendant, and received by him on or about November 20th, 1880; that the safe delivered to defendant was of the name, kind and description called for by the order, except that there was no evidence as to whether said safe was or was not painted with fancy Japanese painting, bouquets on sides, or mortar on the outside door; that on the 20th of November, and 13th of December, defendant wrote to plaintiff, acknowledging receipt of safe, and that he complained to plaintiff because the safe was not provided with an inside door, and because the wood work was not properly made, but did not mention, or notify plaintiff of, any defect in the painting or ornamentation, nor that such painting or ornamentation was not in conformity to the order, and did not return or offer to return the safe to the plaintiff. As pertinent to these facts, the trial judge certified for our determination five questions of law, all of which, so far as applicable to the issues in this case, are sufficiently answered by our determination of the first question of law certified, which is as follows: " Under the issues in this case, and the foregoing statements of the testimony, was it error, as a matter of law, for the court, at the conclusion of plaintiff's evidence, to sustain defendant's motion to withdraw the case from the jury and render judgment against the plaintiff for costs, because it did not appear that the safe delivered to defendant conformed to the order in respect to such painting and ornamentations."

The position of the defendant is, and the view of the court seems to have been, that, as the plaintiff set out in his petition the order for the safe, and alleged that he shipped the safe called for by said order, the burden of proof is upon the

plaintiff to show that the safe shipped complied in all respects with the order, and that, under the allegations of the petition, the plaintiff cannot show that the defendant waived a compliance with the terms of the order as to painting.

According to the strict rules of pleading, a party, in a suit upon a contract with which he has not fully complied, should allege in his petition the failure, and the facts constituting a waiver. In an action upon a contract, a party cannot, under an allegation of performance, prove facts in excuse of performance. *Fauble & Smith v. Davis*, 48 Iowa, 462. The defendant in this case alleged the failure in his answer, and the plaintiff alleges the waiver in his reply. No question was made in the court below as to the regularity of the manner in which the issue was formed, and no question as to the pleadings has been certified to this court. The evidence, so far as we can determine, was admitted without objection, and its effect must now be determined without reference to the pleadings. The case, considered in the light most favorable to the defendant, involves simply the question whether the defendant, having accepted the safe, and made no complaint of its ornamentation, nor offer to return it, can refuse to pay for it, simply because it was not painted with fancy Japanese painting, and with bouquets on sides and mortar on the outside of the door. That the defendant cannot, under the circumstances named above, refuse to pay for the safe, is sustained by the following authorities: *Allison et al. v. Vaughan*, 40 Iowa, 421; *Hirshhorn & Co. v. Stewart & Scott*, 49, Id., 418. It is not shown that the defendant offered any proof that the safe was of less value, as delivered, than it would have been if ornamented as required in the order. The case does not, therefore, present the question as to whether the defendant could, as an offset to the price, recover the damages sustained by the failure to exactly fill the order. We are clearly of opinion that the court erred in withdrawing the case from the jury and entering a judgment for the defendant.

REVERSED.