CALVIN G. HUDNUTT v. DANIEL F. COMSTOCK.

*Questions of fact—Scintilla of evidence—Existence of contract—Witness—Recollection refreshed by bill of particulars.*

Where defendant in an action of assumpsit pleads the general issue and gives notice that he will claim recoupment of damages for breach of contract, the pleadings put the existence of the contract in issue; and as a verdict for plaintiff in the full amount of damages claimed does not necessarily decide the fact of its existence as against defendant, the appellate court can look into the case to determine whether there was any evidence of it to go to the jury.

One who was sued for work and labor done on his saw-mill claimed recoupment for the breach by plaintiff of an alleged contract of warranty of a certain sawdust elevator to be put into the mill. It appeared that defendant had suggested to plaintiff the use of a Garland chain, and plaintiff had replied that he could put in a bevel

gear that would work better; that he proceeded with the manufacture of the shafting, pulleys and gearing and other machinery pertaining to the elevator, but delivered it at his own shop to defendant who put it up himself, though he repeatedly warned plaintiff that if it did not work well plaintiff would be responsible. *Held* that this did not tend to prove the contract alleged in the claim of recoupment.

A plaintiff testifying in his own behalf can refresh his recollection, where he knows the facts, by reading from his bill of particulars when that is a duplicate of the account rendered, and on which he sues, even though it was copied by his clerk from entries in his book as to which he cannot say, without seeing them, whether or not he made them all himself.

Error to Mecosta.   (Fuller, J.)    April 24.—June 13.

Assumpsit.   Defendant brings error.   Affirmed.

*Frank Dumon* for appellant.

*M. Brown* and *J. H. Palmer* for appellee.

Sherwood, J.   In the view we take of this case, the question whether there was a contract of warranty as alleged by the appellant, and defendant, is important in relation to the principal errors assigned.

The pleadings in the case are a declaration in assumpsit on the common counts, a plea of the general issue, and a notice that the work, labor and material furnished were done and furnished by plaintiff in manufacturing and putting into the saw-mill of defendant certain machinery, among which was a sawdust elevator, which the plaintiff agreed to and with the defendant should be a good piece of machinery and should work well and do the work for which said machinery was designed; the notice averring that said sawdust elevator was defective and imperfect, and frequently broke and gave way, and was entirely worthless; that he spent large sums of money in repairing the same, and sustained great loss by reason of his mill and men in his employ remaining idle while said repairs were made; that by reason of the imperfect construction said sawdust elevator could not and did not do the work it was calculated to perform,

and that in consequ nce defendant was obliged to, and did, remove the same from his mill and put in other machinery, at great cost to himself, to do the work of said machine, and was obliged to allow his said saw-mill and the men in his employ in and around said mill to remain idle for a long period of time while said machinery was being removed and the other put in its place, whereby the defendant has sustained damage to the amount of $2000, which he will recoup against any claim the plaintiff will prove on said trial.

The question in issue, and substantially the only question in dispute, is concerning the contract set up by the defendant, and its breach. The jury found the plaintiff entitled to recover, and, as appears, assessed his damages in full as claimed ; but we are not to presume from this that the jury, on the question whether such a contract as alleged was made, found the fact against the defendant. The evidence, if there was any, relating to the issue was for the jury to weigh, but as upon the pleadings, as the record discloses, a specified contract is in issue, we may look into the case to determine whether there is any evidence in the case tending to prove the contract.

The contract, as alleged by defendant in his plea and notice, was that plaintiff was to manufacture and put up in the saw-mill of defendant a sawdust elevator which should be a good piece of machinery and should work well and do the work for which such machinery was designed.

The defendant upon proof of the contract he sets up in his notice, testifies in his own behalf, and presumably upon this point the record contains all the testimony. He testifies to conversation had with plaintiff in the latter part of the summer of 1880, in regard to apparatus for driving his sawdust elevator—says that he had talked with his engineer about a Garland chain, and he asked plaintiff if he was agent for the Garland chain; that plaintiff said he was not, but that he could put in a bevel gear that would work better than any Garland chain ; that defendant replied, " Mr. Hudnutt, if you know you can that is all right, but if you

don't I don't want you to touch it, because people have told me that the mill could not be made to go the first time." Defendant don't remember of there being much more said. Plaintiff said he would come up and look the ground over, —that he came up several times and figured out how he would drive it. Defendant did not pay much attention to it only as plaintiff told him how he would have to put up the line shaft, up the side of the elevator ; that plaintiff put up some of the work ; that when he had got about half way through, it did not look right to witness, and that he then talked to Mr. McGregor, his engineer, about it ; that Mr. McGregor said it might work but that he did not believe it would give satisfaction ; that defendant informed plaintiff what Mr. McGregor said about it, and plaintiff replied that Mr. McGregor was notional ; that defendant, in reply, said to plaintiff, " you are the man that is responsible if it don't work." On his cross-examination he testified " I don't think I found any fault about the workmanship that was done upon it, except that it was too light and the principle was wrong—there was no power—and when he got about half way through with it, I came to the conclusion and made up my mind from talking with my engineer that it would not work. This shafting, pulleys, gearing, and all the various machinery connected with the sawdust elevator was made by Mr. Hudnutt, and by me taken from his shop to my mill, and put in position by my men, under my direction. The contract between Mr. Hudnutt and myself was verbal; there was nothing said about any price any further than the first talks we had about shafting, gearing, and pulleys. I was to put up them, I think when the elevator was about half in. I said to him, if you finish putting it in and it don't work well you will have to stand the consequences."

It seems to us very clear from this testimony that there was no agreement even that the plaintiff should manufacture and put into the mill of complainant a sawdust elevator, much less that " he agreed to and with defendant that it should be a good piece of machinery, and

should work well and should do the work for which said machinery was designed."

All the responsibility assumed by the plaintiff, as shown by the record, was to agree to manufacture—not a sawdust elevator—but certain machinery described by defendant on his cross-examination as shafting, pulleys and gearing, and all the various machinery connected with the sawdust elevator which he delivered at his own shop to defendant.

With this delivery his connection with the construction of the elevator ended, and it is apparent that both parties understood that that was the limit of plaintiff's liability, as defendant testifies that he took this shafting, pulleys, gearing, &c., delivered to him at plaintiff's shop, removed it to his mill, and himself, by his own men and under his own direction, put it in position.

The contract alleged by the defendant in his notice, it will be noted, was to manufacture and put into the saw-mill of defendant a sawdust elevator that should be a good piece of machinery and that should work well and do the work for which said machinery was designed. The proof and only proof which by the broadest latitude of construction relates to any guaranty of merit is the testimony of defendant with respect to the comparative merits of plaintiff's machinery and the Garland chain. Crediting this testimony for all that can be claimed for it, it amounts to no more than an assurance of comparative excellence, that it would work better than any Garland chain.

What degree of excellence belongs to the Garland chain, whether of value little or much or of no value, does not appear, and if a contract could be found upon such testimony it is a different contract from the one set out in defendant's notice.

To support this agreement claimed by defendant and set out in his notice, there was no evidence, and we must find there was no such agreement, and this we are to assume the jury found by their verdict for the plaintiff. This disposes of the question of damages for the alleged breach of such agreement as raised in the several assignments of error from the third to the fourteenth inclusive.

The only errors alleged which we are to consider are those assigned as 1 and 2. The 1st, that plaintiff, as a witness in his own behalf, was permitted to read his bill of particulars to the jury. This particular assignment of error appears to us disingenuous, considered with reference to the objection taken. The plaintiff was a witness and was testifying on his own behalf respecting his claim, and held in his hand his bill of particulars of his claim filed in the case, to the items of which in testifying he referred, with reference to which he says substantially this, that he himself made up the original bill of his account and sent an itemized statement to defendant; that the bill of particulars in his hands is a duplicate of that statement rendered; that the items of this bill were copied on his books, but can't tell without reference to his books whether he made them all or not; that the paper in his hand his clerk made out, and witness compared it with the copy of the original bill on his books, and that the bill of particulars he held is a correct transcript therefrom. Witness further testifies that he can remember everything without reference to his books; that the bill is a list of articles, iron and labor performed as per this bill, but he could not state them without reading the items from the bill; that there were a great many of them; that he was testifying from his own knowledge, with his recollection refreshed by the paper.

This first objection was to the witness reading from the paper the bill of particulars to refresh his recollection, because it was but a copy from the books. The court overruled the objection, and properly so we think. It appears witness had brought himself clearly within the rule as laid down. *Raynor v. Norton* 31 Mich. 210; *Cameron v. Blackman* 39 Mich. 108; *Fish v. Adams* 37 Mich. 598.

The 2d objection is the error assigned on the motion, overruled by the court, to strike out the evidence of plaintiff in regard to the item eight and three-fourths hours fitting four inch shaft and three and seven inch pipe. The cross-examination of witness relates to the amount of time and labor expended on those particular items in regard to

which plaintiff cannot recollect without reference to his books, evidently meaning by book the paper in hand which he has testified is a correct transcript from his books, and it refreshed his mind, and he knows it was done.

There was no error in this ruling and the judgment of the court is affirmed with costs.

The other Justices concurred.