ELKANAH D. RICHMOND AND EDWARD R. HARRIS v. WILLIAM F. ATKINSON.

*Labor and materials—Hearsay—Evidence of value—Bill of particulars— Models—Visitation by jury.*

1. In an action for labor and materials furnished, a plaintiff was asked "How about the time?" and was allowed to answer "It was correct as given by my foreman." Another plaintiff who testified on the subject stated that he knew nothing about it except what the workmen had told him. It did not appear who the foreman was, and no excuse was given for not producing his testimony or that of the workmen. *Held*, that the evidence was hearsay and inadmissible.

2. In an action on the common counts for the value of labor and materials it is error to admit testimony that the prices set down in the bill of particulars are the same as are charged other people; this has no tendency to prove value.

3. A plaintiff cannot be permitted to testify that his bill of particulars is a correct statement after he has testified that it does not refresh his memory as to items to which he cannot testify without it, and of which he has no personal knowledge.

4. A model may properly be exhibited to the jury in a case involving questions of construction, if there is testimony that it correctly represents distances and dimensions; its correctness, if disputed, is a question for the jury.

5. It is within a court's discretion to refuse to allow a jury to visit the premises where a job of building was done, the value of which is contested.

Error to the Superior Court of Detroit. (Chipman, J.) October 30.—November 4.

ASSUMPSIT. Defendant brings error. Reversed.

*Atkinson & Atkinson* for appellant.

*Geo. W. Bates* for appellees.

MORSE, C. J.   Plaintiffs brought suit against defendant, declaring on the common counts and filing a bill of particulars charging defendant with various materials and labor of men in enlarging and repairing a house.   Defendant pleaded the general issue with notice that under such issue he would prove that the workmanship was poor and the materials used of an inferior quality, and claiming damages in recoupment.

One of the plaintiffs (Richmond) testified that he kept the books of the plaintiffs, and put upon them such items of labor and materials as were reported to him by his men; that personally he knew nothing of the items charged, except that he was on the job once a week to get the men's time. The following question was asked the witness in relation to the bill of particulars.   *Question.*   "How about the time?" Under objection he answered:   "It was correct, as given by my foreman."   It does not appear who the foreman was. No testimony was given by the plaintiffs or offered, except that of this witness and the plaintiff Harris who gave evidence that he knew nothing of the time except what the men reported to him.   No excuse whatever was given for the absence of the foreman on the trial, or any reason why his testimony or that of the men who worked on the job could not be procured.   As quite a large portion of the judgment against defendant was for the labor of these men, of which these two witnesses knew nothing but hearsay, the allowance of this question and answer was error.   The plaintiffs ought to have been able to furnish better proof than this of the labor items.   Richmond also testified under objection that the charges for work and materials upon the bill of particulars were the prices they charged other people. There was also error in this.   No testimony was given as to what the work was reasonably worth, and the fact that plaintiff charged defendant the same as he did others has no ten-

dency to prove the same. Harris, when on the stand, testified that he was the purchaser of all the materials, but could not testify as to the amount of work except as it was reported to him by the men at the time. He testified that the items on the bill of particulars did not refresh his memory as to those items, which he could not testify to without it, yet he was permitted, under objection of defendant's counsel, to answer the following question: "I ask you to state whether the bill of particulars is not a correct statement of your account against Mr. Atkinson." *Answer.* "It is." This was also error. He could not be allowed to swear at wholesale to a bill of items being a correct statement, when he had admitted that he had no personal knowledge of a portion of them.

In *Hudnutt v. Comstock* 50 Mich. 601, and *Cameron v. Blackman* 39 Mich. 108, the witnesses were allowed to refer to and read items in a bill of particulars because they testified to a complete recollection and knowledge of the facts when their memories were refreshed by the items. And in *Cool v. Snover* 38 Mich. 563, the witness testified that the bill was a correct list of the articles personally sold by him to the defendant. In these cases the evidence was proper, but here the witness was allowed to swear that the bill as a whole was a correct statement, when he confessedly had no knowledge whatever except hearsay of the labor items, and looking at the bill could and did in no manner aid him in his memory or knowledge of the time charged for work therein.

As regards the exhibition of the model upon the trial, by means of which the plaintiff Harris undertook to show that he could not properly bridge the joist, we think no error was committed in allowing the use of it to illustrate the situation to the jury. The defendant denied the correctness of the model, but Harris testified that it was a correct representation as to distance, and dimensions of the floor that was actually put in, and it was for the jury to settle that question. Nor do we think the court erred in refusing to allow the jury to visit the premises and inspect the work.

The statute makes it discretionary with the trial judge, and we do not think the discretion was abused.

For the errors above noted the judgment of the court below must be

*Reversed, with costs of this Court, and a new trial granted.*

The other Justices concurred.