Conrad Schopp *v.* C. C. Taft and Company, *et al.,*
Appellants.

**Sale:** acceptance: *Warranty.* A purchaser is liable for the agreed price of goods accepted by him without objections after opportunity of inspection, in the absence of a warranty intended to survive acceptance.

**Evidence.** In an action to recover the purchase price of strawberries, defended on the ground that the goods were not of a character and quality ordered, a receipt given by the defendant to the railway company for the car and its contents after partial inspection which stated "received above O. K." is admissible in evidence.

**Appeal:** objection below. The failure of a party to plead waiver cannot be taken advantage of on appeal where the cause is tried as if such plea had been filed, and the attention of the trial court was not called to the defect.

*Appeal from Polk District Court.*—Hon. W. A. Spurrier, Judge.

Thursday, October 27, 1898.

Action at law to recover the purchase price of certain strawberries sold and delivered to the defendants. Defendants admit the purchase, but plead that the berries were not of the character and quality ordered. They say that when delivered the berries were badly decayed, and were not worth to exceed the sum of one hundred and sixty dollars, which amount they tendered to the plaintiff, with costs of suit. Defendants further aver that the plaintiff negligently and carelessly shipped the berries in a car partially filled with cabbage; that the cabbage caused the car to become heated, that the berries were injured thereby; and that defendants have been damaged in the sum of two hundred and eighty dollars. The case was submitted to a jury, resulting in a verdict and judgment for the plaintiff, and defendants appeal.—*Affirmed.*

*Berryhill & Henry* for appellants.

*Cummins, Hewitt & Wright* for appellee.

DEEMER, C. J.—The trial court submitted the case to the jury on the issue of negligence, and refused an instruction asked by the defendants in the following words: "If the contract was for a certain quality of berries, and you find that the berries were not of that quality when loaded in St. Louis, then defendants are not prevented, by reason of taking the berries from the car, from recovering such damages as resulted to the defendants from the fact that the berries were not of the quality ordered, or from the fact, if you find it to be a fact, that the berries were shipped with cabbage, and that the presence of such cabbages brought about the injury or damage to the berries. If you find that such damages resulted to the defendants, then you are to allow such damages as a credit upon the contract price for the berries." Error is assigned upon this refusal. It will be noticed that defendants do not plead breach of warranty in the sale of the property. Their defense is that the berries were not of the kind and quality ordered, and were not worth to exceed the sum of one hundred and sixty dollars.

The evidence shows that they accepted the fruit without objection, and refused to pay because it was not what they ordered. We understand the law to be well settled that when goods are tendered by the seller in performance of an executory contract of sale, and accepted by the buyer after opportunity of inspection, without objection, the purchaser is liable for the price agreed upon, unless there be a warranty intended to survive the acceptance. *Allison v. Vaughan,* 40 Iowa, 421; *Hirshhorn v. Stewart,* 49 Iowa, 418; *Mackey v. Swartz,* 60 Iowa, 710.

Defendants insist, however, that this rule of law is based upon waiver, and that, as plaintiff did not plead waiver, he cannot rely upon it. For the purposes of the case, we may concede that plaintiff should have pleaded waiver in his reply in order to properly present the issue; but we find, upon examining the record, that the case was tried upon the theory that such a pleading was not necessary

to present the question. Evidence to sustain the waiver was introduced without objection, and the case was tried as if such issue was tendered. Moreover, the instructions given by the court were not excepted to. The sole complaint with reference thereto is that the court failed to give the instruction asked. That, as we have seen, related to breach of warranty or of contract, and to the damages resulting therefrom, and, as we have seen, was properly refused. Again, by the terms of the contract between the parties, the fruit was to be delivered to the purchasers at St. Louis, Mo., and there is no evidence as to the actual value of the goods in St. Louis at the time they were delivered. As counsel were content to try the case in the trial court as if a reply pleading waiver had been filed, and as they did not properly call the attention of the trial court to the defect, requests for instructions or otherwise, they are in no position to take advantage of the omission. See *Beach v. Wakefield*, 107 Iowa, — (76 N. W. Rep. 688), and cases cited.

II. After partially inspecting the goods, defendants gave a receipt to the railroad company for the car and its contents, which contained this statement, "Received above O. K."

This receipt was offered in evidence by the plaintiff, and admitted over defendants' objection. There was no error in this. The condition of the goods when received was a material inquiry, and ·defendants' written admission that they were "O. K." was relevant and competent · evidence. We discover no prejudicial error, and the judgment is AFFIRMED.