SMITH v. PICKANDS.

1. WITNESSES — EXAMINATION — REFRESHING MEMORY — COPY OF ORIGINAL ENTRIES.

In an action for the price of trees sold it is not error to allow plaintiff, while testifying to the number of trees and the prices charged therefor, to refresh his memory by looking at a copy which he himself has made from a book of original entries.

2. SALES — ACTION FOR PRICE — QUALITY OF GOODS ACCEPTED — BURDEN OF PROOF.

In an action for the price of trees sold, defendant having accepted them, the burden is upon her to show that they did not comply with the contract.

Error to Cheboygan; Shepherd, J. Submitted May 18, 1907. (Docket No. 126.) Decided June 3, 1907.

Assumpsit by Egbert J. Smith against Marion R. Pickands for goods sold and delivered. There was judgment for plaintiff, and defendant brings error. Affirmed.

*C. S. Reilley*, for appellant.

*H. W. Harpster* (*Benjamin & Quay*, of counsel), for appellee.

CARPENTER, J. This suit was instituted in justice's court. There plaintiff recovered. It was appealed to the circuit court, and tried by jury, and there, too, plaintiff recovered. The dispute in this court relates only to certain items in plaintiff's account, viz., the number and price of certain trees sold and delivered to defendant, and an item of $10 paid for installing a telephone.

Defendant contends that the trial court erred in permitting plaintiff, in testifying to the number of trees and the prices charged therefor, to refresh his memory by looking at a copy which he himself had made from a book of original entries. It is to be inferred from his testimony that the inspection of this copy did actually refresh plaintiff's memory. The ruling under consideration was not erroneous. 1 Wigmore on Evidence, § 760; 1 Greenleaf on Evidence (16th Ed.), § 439c; *Cameron* v. *Blackman*, 39 Mich. 108; *Hudnutt* v. *Comstock*, 50 Mich. 596.

Other complaints are made of rulings admitting testimony. Some of these complaints are based upon a misapprehension of the record, and others are answered by elementary principles of law. They do not demand discussion..

Plaintiff agreed, in the contract by which he sold the fruit trees, that they should be " delivered in a healthy condition." The testimony of plaintiff tended to prove that the trees were healthy when they were delivered to

defendant. The testimony of defendant was that the trees "were dry, and looked dead," and that some of them did afterwards die. The trial court charged the jury:

"It devolves upon her [defendant] to show that the trees were not healthy; that is, unless the evidence is strong [stronger] on her side that they were unhealthy, you will find that they were healthy. As to the number of trees, the burden of proof is upon Mr. Smith; and unless his evidence is stronger than hers in regard to the number of trees, you will take her statement rather than his."

Defendant contends that this charge was erroneous. We dispose of some of her objections when we say that it is quite obvious to us that the jury would understand that in using the word "strong" the trial court intended to say "stronger," and they would understand the charge as if that word had been used, so that the effect of the charge is to impose upon the defendant the burden of proving that the trees were unhealthy. Had defendant never accepted these trees, this charge would have been erroneous. It would then have been an "essential part of plaintiff's case to prove that the goods tendered complied with the contract." *McCall Co.* v. *Jacobson*, 139 Mich. 455; *Simons* v. *Paper Co.*, 77 Mich. 185; *Stahelin* v. *Sowle*, 87 Mich. 124. But in this case the defendant had accepted these trees, and most of them did comply with the contract. Under these circumstances we think the burden rested upon her to prove that the trees so accepted did not comply with the contract. In *Stahelin* v. *Sowle*, supra, it was said by Chief Justice CHAMPLIN, speaking for the court:

"The burden of showing sufficient cause to warrant him in rescinding the contract was upon the defendant."

We therefore think that there was no error in the portion of the charge under consideration.

Defendant's complaint respecting the item of $10 for installing a telephone is—as pointed out in plaintiff's brief—

based upon an improper construction of plaintiff's testimony. Any further discussion of that complaint would serve no useful purpose.

The judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.