## WARREN v. WALTER AUTOMOBILE CO.

(Supreme Court, Appellate Term. June 1, 1906.)

1. SALES—WARRANTY—BREACH—EVIDENCE—SUFFICIENCY.

Evidence in an action for breach of warranty in a sale of an automobile examined, and *held* insufficient to show a breach.

2. SAME—PROOF OF WARRANTY.

A salesman of a seller of an automobile represented to the buyer that the tires of the machine were fine tires of a particular make and as good as new. The buyer knew that the automobile had been used in a rock-climbing contest, and had gone about 250 miles. *Held* not to show warranty of the tires.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 731–737.]

3. SAME.

A statement of a salesman of a seller of an automobile that the tires of the machine were as good as new was merely an expression of opinion as to their condition, and not a statement of a present existing fact, necessary to constitute a warranty.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 731.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Lyman E. Warren against the Walter Automobile Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Charles De Hart Brower, for appellant.
L. E. Warren, for respondent.

DAVIS, J. The plaintiff brought this action for damages for breach of warranty alleged to have been made on the sale of an automobile to the plaintiff. Plaintiff alleged in his complaint that defendant warranted that the machine was in first-class and perfect order and ready to run, that it was a new machine and had not been run over 250 miles, and that the tires thereon were new and had not been run over 250 miles. He then alleges that in truth and in fact the car had been run more than 2,000 miles, that the tires were old and had been patched and recovered, and that at the time of sale this was known

to the defendant and unknown to the plaintiff, and could not be discovered by inspection. He further alleges that the tires, if in the condition represented by defendant, would be worth $350, and that in fact they were worth only $50, and that he therefore suffered damage amounting to $300. He also asks for other damages because of his having to make other repairs to the car. Before purchasing the car the plaintiff took long journeys in it and declared his satisfaction with it. It appeared to be then in excellent order. It was delivered to him April 15 or 16, 1905. After its delivery plaintiff seems to have operated it with inexperienced men. Thereafter there were frequent interruptions in the operation of the car. After this had gone on for some time an examination disclosed that some of the parts of the car were out of order and needed repairing. The repairing cost $73. After certain denials, the defendant set up as an affirmative defense that the plaintiff purchased the car after fully testing it, and accepted and paid for it after full opportunity to examine it, and there was no warranty of any kind.

The learned trial justice evidently found that there was a warranty which survived acceptance as to the tires, that there had been a breach of this warranty, and that the damages sustained thereby were $240, the amount expended by the plaintiff for new tires, and the amount, excluding costs, for which judgment was rendered. It appears from the evidence that in the latter part of June, 1905, one of the tires burst at Elizabeth, N. J., as the plaintiff was returning from Deal Beach. The tire was taken off and found to be patched on the inside. Soon after two others of the tires broke, and they also were found to be patched on the inside. These patches could not be seen unless the tires were removed. The plaintiff testified that he had not caused them to be patched, and claimed that the patches were put on before the delivery to him. The defendant's salesman and defendant's vice president both testified that no patches were on the tires at the time of delivery to the plaintiff, and that they were new tires at the time they were put on in November, 1904. Plaintiff testified that the defendant's salesman said that the tires were fine Michelin tires and were as good as new. He claims that these statements constituted a warranty as to the condition of the tires, for breach of which he can recover after acceptance of the tires. Even assuming that there was such a warranty, we cannot find anywhere in the testimony any evidence of its breach. The tires are admittedly Michelin tires, and the plaintiff offered no proof to show that the patches were on the tires at the time of their delivery to him. He discovered the patches for the first time in the latter part of June, 1905, a little more than two months after he received the machine. While he says that he did not cause the patches to be put on, it does not follow that they were not put on by others in his employ without his knowledge. Moreover, there is no evidence to show what caused the bursting of the tires, whether the natural weakness of the tires which the patches had failed to repair, or some other agency or obstruction in the roadway, against which even the newest of tires would not be proof. On the other hand, the defendant does offer direct proof that the tires were unpatched at the time of the delivery to the plaintiff. But we think that there was no warranty as to these

tires. The plaintiff knew that they were secondhand tires, that they had been used in a rock-climbing contest in November, 1904, and had gone about 250 miles. The statement attributed to defendant's salesman that the tires were as good as new is merely an expression of opinion as to their condition, and not a statement of a present existing fact made to induce the purchase.

For these reasons we think the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.