HERBERT S. MORLEY *vs.* CONSOLIDATED MANUFACTURING
COMPANY.

Worcester.    June 19, 1907. — September 4, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Sale,* Warranty.

At the trial of an action for alleged breach of warranty of an automobile sold to
the plaintiff by an agent of the defendant, there was evidence tending to show
that the defendant's agent before the sale told the plaintiff that the automobile
had been used by him personally solely as a demonstration car and run about five
hundred miles only, and that it was in first class condition, that, if new, it could
have been sold for $1,600 but that the plaintiff might have it for $1,000 ; that
the plaintiff finally purchased it for $900, receiving a bill receipted by the agent
which read " 1 2nd Yale Touring Car, $900." *Held,* that there was no evidence
either of an express warranty by the defendant, or of an implied warranty as
to the length of time that the crank shaft on the automobile would stand the
strain of use.

CONTRACT, with counts in tort which were not relied on at the
trial. Writ in the Superior Court for the county of Worcester
dated November 2, 1904.

At the trial, which was before *Pierce,* J., the plaintiff relied
on the third count only of his declaration, which alleged that
the plaintiff purchased of the defendant " an automobile Yale
touring car " and that the defendant warranted the car to be
well and thoroughly made and, suitable in construction for the
ordinary use intended to be made of it. The breach alleged was
that the car was " defectively and imperfectly constructed in that

it contained a crank shaft which was not of proper shape, was not of proper materials and was not adapted for the use for which it was intended," and that, while being used under ordinary conditions, the crank shaft broke as also did two others furnished by the defendant to replace the first one, " by reason of similar improper construction or lack of adaptation."

Evidence introduced by the plaintiff tended to show that, desiring to purchase an automobile, he visited the sales room of one Read, who was selling cars owned by a predecessor of the defendant, and there examined various cars, among them the one which he afterward purchased; that Read told the plaintiff that the car in question had been used through the summer as a demonstration car; that it had not been run five hundred miles; that it " was in good condition, first class condition "; that he had kept it so; that no one else had run it except himself. He offered the automobile to the plaintiff for $1,000, saying that if it were new it would sell for $1,600 or $1,700. The plaintiff did not buy at once, but, after subsequent visits and trials of the car, offered Read $900 for it, and the sale was made on those terms, Read giving the plaintiff a bill receipted by him which read: "1 2nd Yale Touring Car, $900."

At the close of the plaintiff's case the presiding judge directed the jury to return a verdict for the defendant and the plaintiff excepted.

The case was submitted on briefs.

*F. M. Forbush, H. Bennett & J. F. Dunn,* for the plaintiff.

*T. J. Kenny, J. P. Bell & F. Burke,* for the defendant.

HAMMOND, J.   There was no express warranty.  All that Read said as to the value and nature of the machine was mere seller's talk.

We are also of opinion that there was no implied warranty as to the length of time this crank shaft would stand the strain of use.   The subject of sale was an automobile.   Even if it be assumed that the plaintiff had the right to think the sale was made by the manufacturer, still the machine was not made especially for the plaintiff, but on the contrary was one which had been considerably used, and it was bought by him at what he knew was a sum below the usual price for a new machine of the same kind.   If it be said that he had the right to suppose it was fit

to run, the answer is that it was fit to run.   Every part essential to the running of the machine was there at the time of the purchase, — in other words the machine was an automobile in running order, and, after the purchase, was actually used by the plaintiff nearly if not quite two months before the shaft broke. If the shaft had been stronger it might have lasted for a longer time.   There is no claim of fraud.   Under these circumstances we think that there was no implied warranty as to the length of time the shaft would last, but that as to that the doctrine of *caveat emptor* is applicable.   See *Wilson* v. *Lawrence*, 139 Mass. 318.

It becomes unnecessary to consider the other grounds of defence.

*Exceptions overruled.*