# CASES

# SUPREME COURT

OF

# WASHINGTON

[No. 10297. Department Two. August 26, 1912.]

STANLEY W. SMITH, *Appellant*, v. J. F. BOLSTER, *Respondent*.[1]

SALES—REPRESENTATIONS—WARRANTY—OPINIONS. Upon the sale of an automobile that had been run 1,500 miles as a demonstrator, on account of which the price was over twenty-one per cent less than the price of a new car, representations that it was "in first class condition, as good as any new car," and that it would "go eleven miles to a gallon of gasoline on an average," are mere "seller's praise" and do not constitute a warranty.

Appeal from a judgment of the superior court for Spokane county, Hinkle J., entered January 4, 1912, upon findings in favor of the defendant, in an action on contract. Reversed.

*Bruce Blake*, for appellant.

*John C. Kleber*, for respondent.

MORRIS, J.—Action to recover $900 balance due on the purchase of an automobile, and $39.05 balance due on an open account. Respondent resisted recovery upon the ground that the car was not in the condition represented at the time of the purchase, and that there was a further breach in that it would not run eleven miles on a gallon of gasoline, as guaranteed by appellant. The court below found that

[1]Reported in 125 Pac. 1022.

the car was not in as good condition as represented by appellant, and because thereof respondent was damaged to the extent of $250. It was also found that the car would not run eleven miles on a gallon of gasoline, and because of this failure respondent was awarded $250 as damages. The court then gave appellant judgment for $400, as due on the purchase price after deducting the awards of damage, together with the amount claimed on the open account; and alleging error in the findings awarding respondent damages, appellant brings the case here.

Previous to the sale, the car had been used by appellant as a demonstrating car, and had been run about fifteen hundred miles. These facts were known to respondent. On account of them, the car was priced at $1,800, a reduction of $500 from the price of the car had it been new. The warranty is predicated upon the statement of appellant, that the car was "in first class condition, as good as any new car," and that appellant "guaranteed the car to go eleven miles to a gallon of gasoline on an average." These statements, in our opinion, do not constitute a warranty. The fact that the price was fixed at over twenty-one per cent less than the price of a new car was of itself evidence that the car was to that extent of less value than a new car. To say that it was in first-class condition is nothing more than the expression of an opinion as to its then condition, or what the law sometimes terms "seller's praise." The same may be said of the statement that it would run eleven miles on a gallon of gasoline.

*Morley v. Consolidated Mfg. Co.*, 196 Mass. 257, 81 N. E. 993, is a similar case. The car there referred to was a demonstrating car that had run about five hundred miles, and the statement relied upon was that the car "was in good condition, first class condition." It was held not to constitute a warranty, being "mere seller's talk." Similar expressions may be found in 28 Cyc. 44; *Warren v. Walter Auto Co.*, 99 N. Y. Supp. 396; *Clark v. Ralls*, 50 Iowa 275.

The sale was made April 30, 1910. Nine hundred dollars was paid upon delivery, and the balance was to be paid in a few days. Some time in the following September, respondent, not having paid this balance, took the car to appellant's garage for some repairs. Appellant then refused to deliver the car to respondent until the $900 was paid. He did, however, permit respondent to use the car, sending a driver to take charge of it. This continued for about a week when, while at luncheon with this driver, respondent telephoned his wife and arranged with her to have his son come and take the car, thus depriving appellant of his possession. It would seem by this act he was not only willing but anxious to retain the car, leaving appellant to his remedy to obtain the balance due. He knew then, if he speaks the truth, that the car would not average eleven miles on a gallon of gasoline; for during this week he made a trip to Coeur d'Alene, and when appellant's counsel sought an admission from him that the car had made the trip at the rate of eleven miles to a gallon of gasoline, he answered that it did not average six miles. Nevertheless he wished to retain it, even to the extent of wrongfully depriving appellant of its possession. Under these circumstances, courts will spend little time listening to his plea of a breach of warranty. We are of the opinion that there was neither warranty nor breach, and that the judgment of the lower court in so holding is error.

The judgment should be modified, and the case remanded with instructions to enter a judgment in appellant's favor as prayed for.

MOUNT, ELLIS, GOSE, and FULLERTON, JJ., concur.