[No. 11516.  Department One.  April 29, 1914.]

FAIRBANKS STEAM SHOVEL COMPANY, *Plaintiff,* v.
HOLT & JEFFERY, *Defendant.*[1]

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—COMPLETE CONTRACT. A signed "order" for a secondhand dredge, briefly stating every essential of a contract, parties, consideration, time, subject-matter, and mutual assent, does not admit of parol evidence tending to modify and enlarge it, after the dredge was delivered and partly paid for, on the theory that it was a mere "skeleton" of the contract and did not contain all the representations of the agent.

SALES — WARRANTY — BREACH — SECONDHAND MACHINE — LATENT DISCOVERABLE DEFECTS. Upon the sale of a secondhand dredge, an agreement to overhaul it and put it in "first class shape" is an express warranty that it would do the work for which it was intended and was free from structural defects, rendering the seller liable, where the boom stick was rotten on the inside, the defect was observable around certain bolts, and the only way to properly test the timbers was to bore into them.

SAME—WARRANTY—BREACH—WAIVER. Upon the sale of a secondhand dredge under an express warranty to put it into first class condition, five and one-half months is not an unreasonable time for use of the dredge without discovering a latent defect in the boom stick that was discoverable if a physical test had been made.

SALES—BREACH OF WARRANTY—MEASURE OF DAMAGES. Upon breach of warranty of a secondhand dredge, which required a new boom stick, the measure of damages is not the amount paid out for a new stick, but only the reasonable cost thereof.

Cross-appeals from a judgment of the superior court for King county, Tallman, J., entered June 14, 1913, upon findings in an action on contract, tried to the court.  Modified.

[1]Reported in 140 Pac. 394.

*Holzheimer & Herald* and *Hodgson & Thompson,* for appellant.

*Preston & Thorgrimson,* for respondent.

CHADWICK, J.—Plaintiff sold defendant certain dredging machinery, under the terms of the following writing:

"6-12-11   Order to Al H. Hoffman, Spokane, Washington.   Charge to name: Holt & Jeffery, Seattle, Washington . . .   One one and one-half yard Fairbanks Dredge with fifty foot boom, and iron for vertical spuds complete, F. O. B. Marion, price: $6,050.00; machinery to be overhauled at factory and put in first class shape.   Delivery of machinery from factory to cars not later than sixty days from date. Plans to be furnished for scow immediately.   Delivery of machinery from factory not later than sixty days from date. Boiler to pass Seattle inspection.   This is a second hand dredge that operated in Missouri.   Terms: $1,000.00 when equipt. arrives at Seattle.   One-half of the balance 60 days and balance 60 days later, 6%.   This order is taken with the understanding that old bank spuds iron are included. Salesman: E. L. Kelzer.   Signed by: Holt & Jeffery, By J. C. Jeffery, Sec."

Plaintiff brought suit to recover the balance due, and was met by certain defenses and counterclaims.   The court entered a judgment for plaintiff in the sum of $749.38, and disallowed claims of both parties, and both sides have appealed.   The judgment of the court depends, in part, upon the character of the instrument quoted above.   The court held that it was not a contract; that it was a mere "skeleton" or "order," and admitted much testimony which tended to modify and enlarge it.   We think this was error.   The writing has every essential of a contract, parties, consideration, time, subject-matter, and mutual assent.   The property has been delivered and partly paid for.   Counsel cite many cases to the point that a contract is not complete where it does not contain all of the representations of the agent making a sale and which induced the sale.   We shall not discuss the authorities relied on, with the exception of *Interstate Engi-*

*neering Co. v. Archer*, 64 Wash. 629, 117 Pac. 470. We
there said:

"Where it appears that only a part of the contract is in
writing, the part not in writing may be proved by parol, in
so far as it is not inconsistent with the written portion."

The order or contract in that case was similar to the one
before us, but with this very marked difference: no time for
delivery was stipulated. The writer of the opinion twice
observed this lack of essentiality. He says: "The letter
upon its face does not purport to state the whole agreement,"
and, "But it does not appear upon the face of the letter that
it purports to contain the whole contract." It was held that,
no time being fixed, the court could refer to collateral mat-
ters to determine what, under the circumstances, would be a
reasonable time. Such holdings do not destroy contracts or
violate the rule against receiving oral testimony to alter or
modify them, but are consistent with the rule, that where a
writing containing all the essentials of a contract is offered,
the law will presume that the parties have culminated their
negotiations in it. *Ramming v. Caldwell*, 43 Ill. App. 175.
If it were not so, we would be constantly resorting to parol
evidence to make an ambiguity or omission, and to like testi-
mony to explain it.

In the case at bar, the machine was in use about five
months when the boom stick broke and had to be entirely re-
placed. This brings us to the second proposition of law,
that is, the liability of a seller of a secondhand article to
answer as upon a warranty of quality. Plaintiff contends
(a) that there is no warranty in the sale of a secondhand
article, and (b) that more than a reasonable time elapsed be-
tween the delivery of the goods in August, 1911, and Janu-
ary 7, 1913, for examination and acceptance, and that it
cannot now be held. Our attention is called to *Smith v. Bol-
ster*, 70 Wash. 1, 125 Pac. 1022, where the court held that
representations that a secondhand automobile was "in first
class condition, as good as any new car" was "seller's praise."

That case seems to have turned on the words "first class condition, as good as any new car," the court saying that the fact that the car was sold at twenty-one per cent less than a new car would have cost, was evidence that it was of less value than a new car; that the words were seller's praise in the light of the vendee's conduct, he having driven the car about 6,700 miles and kept it two seasons. In that case, too, the trial judge found the fact to be that the car was not in first class condition, upon the sole ground that it had been used as a demonstration car.

The general rule is that there is no implied warranty in the sale of secondhand goods and machinery. 35 Cyc. 408. The question in this case is whether an engagement to put the dredge in first class condition is a warranty. Whether words are to be taken in the sense of a warranty, is usually a question of mixed law and fact. Here the seller knew the purpose for which the dredge had been purchased. The vendee knew that it had operated in another state. The seller agreed to overhaul and put it in "first class shape." This is a warranty that the machine was understood to be reasonably certain, when properly handled, to do the work intended, and was free from structural defects. This court has never intended to hold that everything said to induce the sale of a secondhand article is seller's praise. To so hold, would be to say there could be no warranty upon the sale of a secondhand article. If a person buys an article secondhand, there is no implied warranty, but there may be an express one. As in all other transactions, it depends on the contract made by the parties themselves. The engagement to put the machine in "first class shape" was a warranty of quality and fitness. There can be no question that the boom stick was rotten on the inside or in the inner timbers. It was season checked and had been puttied and painted. We attach no significance to this circumstance, as it is well known that large timbers check and good work-

manship demands that they be puttied and painted. Plaintiff insists that it was not required to make more than an ordinary surface inspection, or find any defect that the eye would not reveal, but the testimony upon this point is not in harmony. There is evidence tending to show that the defect was observable around certain bolts and that the only proper way to test timbers for rot or imperfections is to bore into them.

Our conclusion is that plaintiff is answerable for the defective boom stick; that defendant had a right to rely upon it as one "in first class condition;" and that five and one-half months was not an unreasonable time to use it without discovering the latent but discoverable defect if a physical test had been made.

Defendant claimed the sum of $2,369.88, the alleged cost of making a new boom stick, it having paid the Seattle Construction & Dry Dock Co., $2,121.88 of that sum, and the difference to others, for freight and material. There is testimony tending to show that the cost of a new boom would not exceed $843. As between these sums, the court arbitrarily allowed the sum of $1,000. The amount paid out does not in itself furnish a measure of recovery (*Torgeson v. Hanford*, ante p. 56, 139 Pac. 648), nor are we satisfied that the record shows it to have been a reasonable sum. As between the two amounts, we are disposed to and will follow the finding of the trial judge. Bearing in mind these legal conclusions, and without discussing the particular items included or excluded, the judgment of the court will be recast as follows:

For plaintiff, upon its first cause of action .............................$2,500.00
Second cause of action................   479.05
Third cause of action................   250.00
                                     ————————$3,229.05
For defendant, reasonable cost of repairing boom .......................$1,000.00

On account of fact that dredger was not

    fully equipped .................... 215.62

Rent for scows..................... 450.00

                                            ————$1,665.62

    Amount due plaintiff......................$1,563.43

Remanded, with instructions to enter a judgment for $1,563.43, with interest.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.