**AMERICAN SODA FOUNTAIN CO. v. PALACE DRUG STORE.   (No. 6466.)**

(Court of Civil Appeals of Texas. Austin. Oct. 18, 1922. Rehearing Denied Dec. 22, 1922.)

1. **Sales ☜359(1)—Finding that secondhand soda fountain was not fit for purposes for which sold not sustained.**

In an action on purchase-money notes given for a secondhand soda fountain and to foreclose the mortgage securing them, a special finding by a jury that the fountain, when delivered, was not in such a condition as to reasonably perform the purposes for which it was sold, could not be sustained, in view of evidence that, notwithstanding its defects, defendant sold soda water and ice cream to the amount of $24,366.70, as compared to $11,185.70 for a like period while using his former fountain; it not appearing that defendant had ever lost a single sale by reason of the defects, or that the fountain was unfit for its purposes.

2. **Sales ☜442(6, 7) — Two and one-half years held not a reasonable time for repair of soda fountain under implied warranty as basis for consequential damages for extra labor.**

In an action on purchase-money notes given for a secondhand soda fountain and to foreclose the mortgage securing them, defendant, claiming that the fountain was not in good working condition when installed, held that, if there was an implied warranty that the fountain would be in good working order when installed, so as to entitle defendant to recover as consequential damages the cost of necessary repairs and of extra labor for operation during the time reasonably necessary to make such repairs, a period from May, 1918, to November, 1920, was not a reasonable time to repair, and a verdict allowing damages during that time could not be sustained.

3. **Sales ☜273(5)—No implied warranty of fitness in sale of specific secondhand soda fountain.**

Where a specific and designated secondhand soda fountain was sold by one not the manufacturer, and there was no misrepresentation or concealment, there was no implied warranty that the fountain should be fit for the purposes for which sold.

4. **Sales ☜266—No implied warranty of secondhand goods.**

Generally there is no implied warranty in the sale of secondhand goods.

Appeal from District Court, McLennan County.

Suit by the American Soda Fountain Company against the Palace Drug Store. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Spell, Naman & Penland, of Waco, for appellant.

Street, Willis & Coston, of Waco, for appellee.

**Findings of Fact.**

JENKINS, J.  On April 1, 1918, the appellant entered into a written contract with appellee to sell and deliver to it at West, Tex., a secondhand soda fountain, which was then stored at Malavan's Confectionary Shop, in Austin, Tex., to be used by appellee in its business of dispensing soda water and ice cream. No representations were made as to the soda fountain except those contained in the written contract. There was no express warranty. Appellant delivered the fountain, and it corresponded to such description. When installed, it was found, however, that the syrup pumps were out of order, by reason of certain screws therein being worn, and that the ice cream cabinet leaked.

Appellee had never seen the fountain prior to its delivery, and did not know of such defects until after it was installed in his place of business. The pumps and ice cream cabinet were repaired to appellee's satisfaction, about November 1, 1920. From the time the fountain was installed, May 18, 1918, to the time such repairs were made, the appellee, in order to serve his trade, employed extra labor in operating the fountain, which would not have been needed but for the defective condition of the pumps and ice cream cabinet.

Appellee, in addition to delivering appellant a soda fountain which he was using, executed to appellant certain promissory notes, and executed a mortgage on the fountain purchased to secure the payment of same. Nineteen of these notes, amounted, in the aggregate, principal and interest, at the time the suit was tried, June 10, 1921, to $718.90. This suit was to recover on the notes and to foreclose the mortgage given to secure the same.

Appellee recovered for damages by reason of the amount paid for extra labor in operating the fountain. The case was submitted to a jury on the following special issues:

"(1) Was the soda fountain in issue at the time it was delivered in such a condition as to reasonably perform the purposes for which it was sold by the plaintiff and bought by the defendant? Answer Yes or No.

"If you answer question No. 1 in the affirmative, then you need not answer the remaining questions herein. If you answer question No. 1 in the negative, then answer the following questions:

"(2) State whether or not the defendant was forced to expend any additional money for labor on account of the fact that the fountain was not in such condition as to reasonably perform the purposes for which it was sold? Answer Yes or No.

"(3) State in dollars and cents the amount of money the defendant was forced to reasonably expend for additional labor from May 18, 1918, to November 1, 1920, on account of said condition of the fountain in issue herein."

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

To the first question the jury answered, "No;" to the second question, "Yes;" and to the third question, "$700.00;" and judgment was entered accordingly.

For reasons stated in our opinion herein, we find that the answer to question No. 1 is not supported by, but is against, the uncontradicted evidence. Such being the case, the jury should not have answered questions Nos. 2 and 3, and their answers should not be considered as furnishing a basis for the judgment herein. If the law as to the damages recoverable, if any, is as we conceive it to be, and as stated in our opinion herein, the answer to question No. 3 is not supported by, but is contrary to, the evidence.

### Opinion.

[1] Referring to question No. 1, the fountain was bought by appellee to be used in dispensing soda water and ice cream to his customers. That it was suitable for that purpose is shown by the fact that he used it for that purpose continuously, notwithstanding the defects in the pumps and the ice cream cabinet, and while so doing, from the time it was installed to the time it was finally repaired to his satisfaction, he sold soda water and ice cream to the amount of $24,-366.70 as compared to $11,185.70 for a like period while using his former fountain. The fact that there were minor defects, which the evidence shows could have been repaired in a short time and at·a small cost, which defects did not prevent the use of the fountain, but required extra labor, does not show that the fountain was unfit for the purpose for which it was sold. It is not shown that appellee ever lost a single sale by reason of the defects referred to.

[2] Referring to question No. 3, if there was an implied warranty that the fountain, including the pumps and ice cream cabinet, would be in good working order when installed, appellee would have been entitled to recover, as consequential damages, the cost of the necessary repairs, and the cost of extra labor for operating same during the time reasonably necessary to have such repairs made. It is not made to appear that from May, 1918, to November, 1920, was such reasonable time. This was the time for which he was allowed by the jury in answer to question No. 3.

So, if we should hold that there was an implied warranty in the sale of the fountain, and that the same was breached by reason of the defective condition of the pumps and the ice cream cabinet, we would be constrained to reverse and remand this case for the reason that the judgment is not supported by the evidence.

[3] But we hold that there was no implied warranty. This for the reason that a specific and designated fountain was sold, of which it is not shown the seller was the manufacturer. There was no misrepresentation and no concealment of any fact known to the seller. The buyer knew that it was a secondhand fountain. He did not see proper to protect himself by express warranty. The fountain delivered was of the kind and description sold.

[4] It is a general rule of law that there is no implied warranty in the sale of second-hand goods. 30 Cyc. 408; Fairbanks v. Holt, 79 Wash. 361, 140 Pac. 394, L. R. A. 1915B, 480; Mechem on Sales, vol. 2, § 1348; 24 R. C. L. §§ 444, 461.

Perhaps there are some exceptions to the general rules as above stated, but the evidence herein does not bring this case within such exceptions.

For the reasons stated, the judgment of the trial court is reversed, and judgment is here rendered for appellant as prayed for in its petition.

Reversed and rendered.