[No. 17414.   Department Two.   February 17, 1923.]

AMERICAN PAPER COMPANY, *Appellant,* v. A. C.
HASTINGS *et al., Respondents.*[1]

EVIDENCE (169)—TO VARY WRITING—AMBIGUITY—COMPLETENESS
OF WRITING.  A written order and acceptance for specified articles at
specified prices stating the terms of payment, although not stating
the time and place of delivery, is a complete contract which can
not be varied by oral evidence that the seller agreed to buy back
part of the goods.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered February 11, 1922,
upon findings in favor of the defendants, in an action
on contract, tried to the court.  Reversed.

*Fred W. Catlett,* for appellant.

*Hastings & Rubens,* for respondents.

FULLERTON, J.—Appellant, the American Paper
Company, brought this action to recover from re-
spondents, operating an automobile tire and repair
shop, an amount claimed to be due on a sale by appel-
lant to respondents of a quantity of automobile tires.
Respondents, as an affirmative defense, alleged that
the purchase was made by them with the understand-
ing that appellant would buy back certain of the tires,
would give respondents all its tire repair work, and
would assist, through its salesmen, in selling the tires.
They asked for a rescission of the contract, alleging
breach by appellant in its failure to carry out these
stipulations, or, in lieu of a rescission, that they be
given a judgment for damages.  Following a trial
without a jury, the court below entered a judgment
rescinding and cancelling the sale and permitting the

[1]Reported in 212 Pac. 1071.

return of the unsold tires in the hands of respondents. From that judgment, this appeal was taken.

Appellant takes the position that the sale of these tires was by written contract and that parol evidence, which concerned prior conversations leading up to the signing of the contract, is not admissible. If this transaction was based upon a contract entirely in writing, it follows that the rule of law contended for is applicable and respondents' defense could not be heard.

The writing, which appellant contends constitutes a written contract, consists of an order and invoices. The order, with certain immaterial parts omitted, is as follows:

"American Paper Company,
"Seattle, Wash.

"Sold to　　　　　　　　　Date 9-9, 1920.
　"Gates & Hastings,
　　"1200 1st Ave. So.
"Ship the following at the prices specified:
　　　(Then follows a list of the tires.)
　"Terms 1/3—30 days, 1/3—60 days, 1/3—90 days.
　"Itemized bill with price on each item to be furnished with tires.
　"Accepted　　　　　　　(Signature)
　　"Craig,
　　　"Salesman.　　　　　　Buyer.
"This order is not subject to countermand."

The order itself seems to us to be fully as complete as the order held to constitute a contract in writing in *Fairbanks Steam Shovel Co. v. Holt & Jeffery*, 79 Wash. 361, 140 Pac. 394, L. R. A. 1915B 447, and we can say of this order as we said of the order involved therein:

"The writing has every essential of a contract, parties, consideration, time, subject-matter, and mutual assent."

The only possible difference in the two orders is that the order in the case at bar does not specifically state the time or place of delivery. Hence parol evidence might be admissible to determine the intention of the parties on that point. The same situation was present in *Interstate Engineering Co. v. Archer,* 64 Wash. 629, 117 Pac. 470, wherein, touching on that point, the court said:

"When the defendants received the letter and indorsed their acceptance thereon, they thereby agreed to the terms of the contract as expressed in the letter and were bound thereby. They could not thereafter be heard to orally dispute or vary any of the terms therein stated. But it does not appear upon the face of the letter that it purports to contain the whole contract. Where it appears that only a part of the contract is in writing, the part not in writing may be proved by parol, in so far as it is not inconsistent with the written portion. 17 Cyc. 746-7; Wigmore, Evidence, § 2430. It was proper, therefore, for the court to receive oral evidence as to the time when the materials were agreed to be delivered."

In the case of *Fairbanks Steam Shovel Co. v. Holt & Jeffery, supra,* the foregoing case was commented upon in the following language:

"It was held that, no time being fixed, the court could refer to collateral matters to determine what, under the circumstances, would be a reasonable time. Such holdings do not destroy contracts or violate the rule against receiving oral testimony to alter or modify them, but are consistent with the rule, that where a writing containing all the essentials of a contract is offered, the law will presume that the parties have culminated their negotiations in it. *Ramming v. Caldwell,* 43 Ill. App. 175. If it were not so, we would be constantly resorting to parol evidence to make an ambiguity or omission, and to like testimony to explain it."

A similar order was held to constitute a written contract the terms of which could not be varied by parol testimony, in *Peterson v. Denny-Renton Clay & Coal Co.*, 89 Wash. 141, 154 Pac. 123. Again, in *Thomson & Stacy Co. v. Evans, Coleman & Evans*, 100 Wash. 277, 170 Pac. 578, considering an accepted written order, we said:

"Nor are we able to see wherein the contract is incomplete. As we said in the case of *Fairbanks Steam Shovel Co. v. Holt & Jeffery*, 79 Wash. 361, 140 Pac. 394, L. R. A. 1915B 477, touching a memorandum of sale no more complete than that before us: 'The writing has every essential of a contract, parties, consideration, time, subject-matter, and mutual assent.' And again, as we said in *Allen v. Farmers & Merchants Bank of Wenatchee*, 76 Wash. 51, 135 Pac. 621:

" 'The agreement cannot be called incomplete or ambiguous merely because it does not stipulate concerning every possible contingency which might arise. It is sufficient, as a complete contract, if it stipulates fully and definitely concerning the things which, on its face, it contemplates.' "

The evidence here admitted was not evidence to explain an ambiguity in, nor to furnish any essential element omitted from, the contract, but was intended to modify and change its terms by showing an entirely different contract to have been entered into. Our conclusion is that the written order and invoice constituted a contract in writing, and to admit the evidence objected to was a violation of the parol rule.

The foregoing consideration renders it not necessary to discuss the other questions called to our attention in the briefs. As the respondents cannot be heard to vary the terms of the contract, appellant is entitled to recover the balance due on the purchase price. It is admitted that respondent is entitled to an additional credit of $270.23. The judgment of rescission is re-

versed, and the cause remanded with instructions to enter judgment for the appellant for the amount sued for, less the credit of $270.23.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.