[No. 17943.  Department One.  August 21, 1923.]

EARL W. BENSON, *Respondent,* v. METROPOLITAN LIFE
INSURANCE COMPANY, *Appellant.*[1]

EVIDENCE (169)—TO VARY WRITING—COMPLETENESS OF WRITING.
Written applications for appointment as insurance solicitors at a
salary in accordance with specified schedules of the company cannot
be varied or contradicted by parol evidence of an agreement for com-
pensation at a different rate, as recommended by a superintendent
on the back of the application.

CONTRACTS (68)—CONSTRUCTION—MATTERS ANNEXED OR REFERRED
TO.  The recommendation of a superintendent on the back of an
application for appointment as insurance solicitors at a stated salary
becomes no part of the contract for compensation.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered November 2,
1922, upon findings in favor of the plaintiff, in an
action on contract, tried to the court.  Reversed.

*Gose & Crowe,* for appellant.

*Earl W. Benson,* for respondent.

MACKINTOSH, J.—The assignors of the respondent
made application to the appellant for appointment as
appellant's agents in the solicitation of life insurance,
and have assigned their claim for compensation to the
respondent.

The record shows that these applications were made
in writing and that they contained, in a conspicuous
place, the following provision:

"I further agree, if my appointment as agent is
approved by the company, that my compensation shall
be in accordance with the present schedule of salaries
or commissions or both, payable to agents, and as the
schedule or the terms thereof shall be amended by
the company from time to time; that I will abide by all

[1]Reported in 217 Pac. 709.

the rules and regulations of the company as embodied in the agent's instruction book and otherwise, and as they may be subsequently amended. If at any time I resign or am dismissed from the agency herewith applied for, the remuneration which I have been authorized to receive to that date shall be in full payment and satisfaction of all my services to the Company and all my compensation under this agreement and all claims upon the company.''

On the backs of the applications, but not made a part of them, are reports of the appellant's deputy superintendent, which were furnished to the appellant, setting out the result of an investigation of the appellants and a recommendation of the salaries to be paid. It is the contention of the respondent that his assignors are entitled to the salaries set out in this recommendation, and that these assignors were not bound by the provision in the application which we have quoted. Evidence was introduced tending to show that the salaries mentioned were those which had been agreed upon by the respondents' assignors and the representative of the appellant who secured the signatures of the assignors to the applications.

The case presents but a very simple question of law, which must be resolved against the respondent. All prior negotiations leading up to the signing of the application, which became a contract upon its acceptance by the appellant, were merged in the written contract, and oral statements which may have been made by the appellant's representative prior to the signing of the contract should not have been admitted in evidence. There is no allegation in the complaint that the contract was obtained by fraud, or by any other means which would entitle the court to set aside the formal written contract entered into between the parties. *McMaster v. New York Life Ins. Co.,* 99 Fed. 856; *Quinlan v. Providence Washington Ins. Co.,* 133 N. Y.

356, 31 N. E. 31; *American Paper Co. v. Hastings,* 123 Wash. 595, 212 Pac. 1071.

Nor does the information contained on the back of the application become a part of the contract so that the parties are bound by that information. As we said in *Burbank v. Pioneer Mutual Ins. Ass'n,* 60 Wash. 253, 110 Pac. 1005, Ann. Cas. 1912B 762:

"Conditions and stipulations printed on the back of a fire insurance policy and not mentioned or referred to on the face of the policy are not part of the policy or binding on the assured." (Syllabus.)

See, also, *Hunter Tract Imp. Co. v. Stone,* 58 Wash. 661, 109 Pac. 112; *Hill v. Travelers Ins. Co.,* 146 Iowa 133, 124 N. W. 898, 28 L. R. A. (N. S.) 742.

Some argument is made that the schedule of rates and regulations referred to in the agreement were not posted in the local office where the contract was made. If this is true, it was as much the duty of respondent's assignors to make inquiry and application for those schedules and rules and regulations as it was for the appellant to furnish them. The assignors cannot be heard to say that they did not know that they were signing a contract and that their attention was not called to the provision which we have quoted. Written contracts cannot be disturbed by such slight attacks.

The judgment is reversed, and the action dismissed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.