[No. 19427.  Department One.  January 8, 1926.]

# H. M. ASBURY, *Respondent*, v. YAKIMA MILLING COMPANY, *Appellant*.[1]

[1] PLEADING (112) — AMENDMENT — NEW OR · DIFFERENT CAUSE OF ACTION. A complaint alleging a contract between plaintiff and defendant for the sale of hay, which was afterwards "confirmed and reduced to writing" and copy of which is set out in the complaint, cannot be amended to allege a verbal agreement, and that "thereupon the plaintiff mailed to the defendant a copy of the following memorandum," setting out a copy of the contract, where the contract was complete in itself and free from ambiguity.

[2] EVIDENCE (169) — TO VARY WRITING — COMPLETENESS OF WRITING. A signed letter in which the buyer "confirmed" the purchase from the seller of five cars of 93 per cent pure first cut alfalfa, at $21 per ton f. o. b. track at A. for loading prompt, immediately acted upon, is complete and free from ambiguity and may not be varied by parol evidence.

[3] JUDGMENT (227) — MATTERS CONCLUDED — MATTERS NOT IN ISSUE. A judgment for damages for breach of warranty of alfalfa, resold by defendant as "93 per cent pure and good green color," is not binding upon the first seller, participating in the defense, where his warranty to defendant, was only that it was "93 per cent pure"; "good green color" being, under the evidence, an additional warranty for which he was not liable to plaintiff in the former action.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered January 31, 1925, in an action to recover damages for breach of contract of sale. Reversed.

*Rigg & Venables* and *Nat U. Brown,* for appellant. *Grady & Velikanje,* for respondent.

TOLMAN, C. J.—The appellant on February 26, 1923, sold to the respondent certain alfalfa hay under a written contract which reads:

[1]Reported in 242 Pac. 362.

"Yakima Milling Co.         "Toppenish, Wn.
"Yakima, Wn.                Feb'y 26, 1923.
"Gentlemen:
"I confirm purchase of you today of 5 cars 93% pure 1st cut. Alf at $21.00 per ton FOB track Ashue Wn. for loading prompt.

"This confirms our conversation in my office at Toppenish, also phone call to you of this evening.
Accepted by            Yours very truly,
.............................................     (Signed) H. M. Asbury"

Respondent immediately resold the hay to one V. J. W. Alexander, as agent for Higgins & Walker, also under written contract, which reads:

"V. J. W. Alexander
Sunnyside, Washington .
Dear Sir:
"Confirming sale to you today of five (5) cars First Cutting Alfalfa ninety three percentum (93%) pure of good green color to be loaded f o b cars Ashue Siding Washington At the agreed price of $22.00 per ton, on or after the 1st day of March, 1923. Hay to be paid for as loaded.
"Buyer has paid the sum of $150.00 as an advance payment on hay and advance to be deducted from the last two cars loaded at the amount of $75.00 per car.
"H. M. Asbury,
"Seller.
"Accepted by V. J. W. Alexander, Buyer."

The hay was duly delivered and shortly thereafter Higgins & Walker made claim to the respondent that the hay was not as warranted, in that it was not 93% pure alfalfa and was not of good green color. This claim being unadjusted, Higgins & Walker brought suit in the superior court for Yakima county against both respondent and the appellant to recover the damages flowing from the alleged breach of warranty, seeking to hold the appellant in that action upon the ground that it was the principal and that the respond-

ent Asbury was acting only as its agent in selling the
hay to Higgins & Walker. Upon the trial of that case,
at the close of plaintiff's evidence, a motion for non-
suit was granted in favor of the appellant, and it was
dismissed from the case. The action proceeded to
judgment against the respondent Asbury, resulting in
a judgment against him, which was entered on May
28, 1924. Thereafter, the respondent Asbury in turn
brought this action against the Yakima Milling Com-
pany to recover from it the amount of the judgment
recovered against him by Higgins & Walker, together
with his costs and attorneys' fees in that suit,
amounting in all to the sum of $382.83. In his com-
plaint Asbury pleaded the written contract under which
he purchased the hay from the appellant, and alleged
that both parties knew that the hay was being pur-
chased for resale. The contract of resale to Higgins
& Walker was also pleaded, and it was alleged that the
appellant Yakima Milling Company was bound by the
judgment rendered against Asbury in the Higgins & 
Walker suit, because it had conducted and controlled
the defense and was the active and moving spirit
throughout the trial, etc., etc. The trial court held
that, by its participation in the former action, the
Yakima Milling Company was bound by the judgment
there rendered and thereupon, denying to respondent
his attorneys' fees in the former action, rendered
judgment against the appellant for $304.33, from
which judgment it appeals.

In the original complaint in this action filed by the
respondent, it is alleged:

"On or about the 26th day of February, 1923, the
plaintiff and defendant entered into a verbal agreement
wherein and whereby the defendant agreed to sell and
deliver to the plaintiff five carloads of first cutting
alfalfa hay, and warranted the same to be 93% pure, at

the price of $21.00 per ton, F. O. B. track, Ashue, Washington, and thereupon said·verbal agreement was confirmed and reduced to writing in duplicate, each party having and retaining one of such duplicates, and the same being in words and figures as follows, to-wit: . . ."

And at the beginning of the trial, over the objection of the appellant, this paragraph of respondent's complaint was amended to read as follows:

"On or about the 26th day of February, 1923, the plaintiff and defendant entered into a verbal agreement wherein and whereby the defendant agreed to sell and deliver to the plaintiff five carloads of first cutting alfalfa hay, and warranted the same to be 93% pure of good green color at the price of $21.00 per ton, F. O. B. track Ashue, Washington, and thereupon the plaintiff mailed to the defendant a copy of the following memorandum, . . ."

[1, 2] The first and principal error assigned is that the trial court erred in permitting the complaint to be amended as indicated, and in admitting parol evidence to vary the terms of a written contract. That presents a question of whether or no the written contract was complete in itself and so far free from ambiguity as to come within the rule. Respondent, while admitting the rule generally, seems to contend that, to come within the rule, the writing must not only on its face express a complete agreement, but also must show evidence of careful preparation and a due consideration of all questions which might naturally arise out of the subject-matter. It should be noted, before we go further, that here no question is raised because the contract was not signed by the seller, and it is admitted that the seller became bound by the writing (so far as it goes) by acting upon it and delivering the hay, to the same extent as though it had affixed its signature thereto. There may be, and doubtless are,

courts which have adopted the broad rule for which respondent contends; but that is not the rule of this state. Here we have a writing complete as to every essential of a contract,—parties, subject-matter, price, time and place of delivery. The reference therein to prior conversations is not a reference to them for terms or conditions, but expressly for confirmation of all such conversations which have gone before, and plainly means that all prior parol negotiations and agreements are merged in and limited to the written conditions expressed. As such, under a long line of decisions of this court, it is a written contract, such as may not be varied by parol evidence. *Interstate Engineering Co. v. Archer,* 64 Wash. 629, 117 Pac. 470; *Fairbanks Steam Shovel Co. v. Holt & Jeffery,* 79 Wash. 361, 140 Pac. 394, L. R. A. 1915B 477; *Peterson v. Denny-Renton Clay & Coal Co.,* 89 Wash. 141, 154 Pac. 123; *Thomson & Stacy Co. v. Evans, Coleman & Evans,* 100 Wash. 277, 170 Pac. 578; *American Paper Co. v. Hastings,* 123 Wash. 595, 212 Pac. 1071.

It was, therefore, error to permit the amendment of the complaint and to admit parol evidence to vary the terms of the written contract.

[3] The next question is, as to the judgment in the first action being binding upon the appellant in this action. What we have already said shows that on the face of the two contracts, which must be taken as they are written, there is a difference in the warranties. The first contract calls for 93% pure first cutting alfalfa, while the second contract, in addition to that specification, requires that the hay be of good ,green color. It would seem that the measure of damages would therefore differ. Respondent seems to contend that, if alfalfa hay is 93% pure, it must be of good green color, and, therefore, the words "good green color" are merely descriptive. Some evidence is

pointed to in the record which might be construed to. so mean. However, the evidence, taken as a whole, we think does not support this view, but preponderates in favor of the view that the words "of good green color" constitute an additional warranty. Respondent, therefore, may recover only for failure to furnish first cutting alfalfa, 93% pure, and the judgment in the prior action, based upon that warranty and also upon the additional warranty as to color, cannot be the measure of his recovery, and therefore appellant is not bound by the former judgment.

The judgment appealed from is reversed with directions to grant a new trial.

FULLERTON, PARKER, HOLCOMB, and ASKREN, JJ., concur.