*Northern District*

No. 5541

**AARON MILGRAM**
v.
**JACK'S MOTORS, INC.**

*Present:* Eno, J. (Presiding), Northrup & Kalus, JJ.

Case tried to *McKenney, Sp. J.,* in the District Court of Dorchester. No. 1244 of 1960.

*Eno, J.*  The report in this action is erroneously called a "Draft Report". After it is allowed and signed by the trial justice, the draft report becomes a "Report" and it should be so entitled.

Originally this action consisted of only one count in contract for breach of a warranty. Later two other counts were added by amendment to the declaration: Count 2 in tort for deceit and Count 3 in contract.

There were findings for the defendant on counts 1 and 3, and for the plaintiff on count 2, this latter count being the only one left to be considered.

As to that count the declaration reads as follows:

"And the plaintiff says that on or about

September 10, 1959, the defendant entered into a contract with the plaintiff wherein the plaintiff agreed to purchase and did purchase a 1957 Plymouth Custom 4-door Suburban automobile from the defendant, paying therefor $1500.00 on the terms, conditions, guarantees and representations of the defendant that the automobile was in good condition at the time of the sale; that the defendant misrepresented material facts concerning said automobile and that the defendant fraudulently and deceitfully made said misrepresentations and the plaintiff relied upon said statements made by the defendant and purchased said automobile; that the plaintiff has duly demanded that the defendant refund to the plaintiff the purchase price which the defendant has refused to do.

Wherefore, the plaintiff says that the defendant owes the plaintiff the sum of $1500.00 with interest."

The answer is a general denial.

*There was evidence at the trial that* the plaintiff came to the defendant for the purchase of a used car. The defendant showed the plaintiff the car in question. There was evidence by the plaintiff that the defendant said the car was serviced every month by the previous owner, had one owner, they were working on the brakes, and the defendant said that the car was in good shape and the mileage was approximately 25,000 miles as shown on the speedometer and oil was

alright; that the former owner was a butcher but did not use the car for deliveries; that the plaintiff took the car for about one and a half hours and drove it and when he brought it back he made no complaint as to its condition. The plaintiff said he relied on these statements in purchasing the car. All these statements were made before the sale.

Thereafter a bill of sale was drawn up a copy of which is annexed to the report. It is expressly stated in the bill of sale that the warranties therein mentioned do "not apply to second hand cars" and in clause 9 the following exemption:

> "In case the car covered by this order is a used car, no warranty or representation is made as to the extent each car has been used, regardless of the mileage shown on the speedometer of said used car."

The following also appears on the bill of sale

> "I have read the matter printed on the back hereof and agree to it as a part of this order the same as if it were printed above my signature. I certify that I am 21 years of age, or older, and hereby acknowledge receipt of a copy of this order."

The price stated is $1500.00 and the plaintiff testified that he did not read the above bill of sale.

There was also evidence from a witness who worked for the former owner of the car

that it had been used for deliveries and the mileage was at least 35,000 miles.

The car was purchased September 9, 1959. Within two days after purchase, oil was down two quarts and within ten days oil was down three quarts and on September 22, it was agreed between the plaintiff and defendant that the defendant was to do an engine job and the defendant was to assume half the cost. The bill was $216.23 and the plaintiff paid half.

The plaintiff said in three or four months four tires blew and the battery had to be replaced.

The plaintiff said within 3 or 4 months he had rear transmission trouble and a shimmy in the front wheels. Plaintiff testified within three or four months he spent a total of over $500. for repairs.

At the close of the trial the defendant filed several requests for rulings, but the report states that he claims to be aggrieved only by the denial of the following:

1. An agreement entered into in writing between the parties and subscribed by both parties merged all antecedent negotiations and stipulations and must be taken to be the complete expression of their entire bargain with each other by which alone their rights and liabilities are to be determined.

7. A statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty. Uniform Code Sales Chap.

106-Sec. 2-313. *Murphy v. Consolidated Mfg. Co.*, 196 Mass. 257.

The court found the following facts:

"I find that the Defendant made representations to the plaintiff relied upon by plaintiff to whom by reasonable investigation the true situation would not have been disclosed. That the defendant knew the represeitations were false and intended to deceive and mislead the plaintiff, and that by reason of these false and fraudulent representations, the plaintiff entered into an agreement to purchase an automobile and did purchase the automobile with resulting damages to him."

and found for the plaintiff and assessed damages in the amount of $500.00.

The report states that it contains all the evidence material to the questions reported.

■ The first request was properly allowed by the trial judge insofar as it related to the counts in contract, and on those counts the judge found for the defendant.

■ We think that that request became immaterial as to the count for deceit in view of the trial judge's findings of facts.

[4.] There was also no prejudicial error in the denial of the seventh request because of the judge's findings of facts.

There was no request in this case which raised the question of the sufficiency of the evidence warranting a finding for the plaintiff.

The report is to be dismissed.